Weygandt, C. J.
The single question now requiring consideration by this court is the applicability of Section 8619, General Code, to the circumstances of the instant controversy.
The pertinent provisions of this section read as follows:
“When goods and chattels remain for five years in the possession of a person, or those claiming under him, to whom a pretended loan thereof has been made, they shall be the property of such person, unless a reservation of a right to them is made to the lender in writing, and the instrument recorded within six months after the loan is made, in the recorder’s office of the county where one or both of the parties reside, or unless such instrument is filed as provided by law with respect to chattel mortgages. * * *”
The plaintiff claims that its molds, dies, etc., were delivered to the defendant to. be used by the latter in the manufacture of silverware for the plaintiff. The defendant insists that these articles were delivered to it by the plaintiff because the plaintiff requested the defendant to determine whether the latter couid manufacture the silverware by making use of the articles; that within a few days thereafter the defendant discovered that the articles could not be adapted io the defendant’s machinery; that the defendant so *145 advised the plaintiff and requested the plaintiff to remove its articles forthwith; that the plaintiff insisted it had no place to store the articles; that the plaintiff left the articles on the defendant’s premises until after World War II at which time most of the articles were then removed by the plaintiff; and that the plaintiff made no claim against the defendant until February 7, 1947 — more than five years after the articles had been delivered to the defendant’s-premises.
The plaintiff contends that the delivery of the articles to the defendant did not constitute a loan. However, the plaintiff’s own secretary testified:
“We loaned the dies, molds and so forth to Queen City Manufacturing Company. * * *
“Q. * * * That phrase ‘on memorandum’ on each of the three pages, what does that mean, Mr. Fledderman? A. The word ‘memorandum’?
“Q. ‘On memorandum.’ A. It means it is our property.
“Q. And that you have loaned it to the Queen City Silver Company for certain purposes? A. That is right, to be in their care,
“Q. To be in their care, or loaned to them for the purpose of doing something with? A. Yes, sir.”
Hence, it is apparent that the parties themselves considered the transaction a loan.
The next contention of the plaintiff is that Section 8619, General Code, supra, is a statute of limited application relating not to the immediate parties but solely to creditors and purchasers.
The plaintiff admits that this statute itself is general in its terms and contains no such limitation. However, the plaintiff insists that this section must be construed as in pari materia with Section 8618, General Code, prohibiting the transfer of property with intent to defraud creditors.
It is true that the two sections appear with three *146 others in a chapter styled “Statute of Frauds and Perjuries” but a study of the context discloses nothing to indicate that the General Assembly intended the two sections to be read together and the express limitation in Section 8618 carried into Section 8619 by mere implication. In fact the effect of the two sections is exactly opposite. The first provides that a transfer of property with intent to defraud creditors “shall be utterly void and of no effect,” contrary to the intent of the parties, whereas in the later section it is provided that in the absence of a reservation of a right to them — as here — the goods and chattels ‘ ‘ shall be the property of such person” in whose possession they remain for five years, irrespective of the intent of the parties.
In the case of Cleveland & Sandusky Brewing Co. v. Scott, Recr., 86 Ohio St., 346, 99 N. E., 1123, this court indicated a similar view of the provisions of Section 4197, Eevised Statutes (now Section 8619, General .Code). The plaintiff seeks to distinguish the decision on the ground that one of the defendants was a receiver. However, a study of the case discloses no basis for this contention.
Finally, the plaintiff urges that even if this section is applicable, it is a statute of limitation and the defendant has waived it since it is not pleaded in the answer. The defendant’s response to that contention is that clearly this is a statute of frauds and as such is available as a defense under a general denial. In Bates’ Pleading, Practice, Parties & Forms (4 Ed.), 1090, the rule is summarized as follows:
“In Ohio and many other states a general denial'is sufficient to raise the question of the statute of frauds, since it puts the plaintiff on legal proof of his contract and thus compels him to show it by writing. ’ ’
The following similar summary is stated in 19 Ohio Jurisprudence, 669:
*147 ‘ ‘ The rule in Ohio is that if the petition is silent as to whether * * * the contract is in writing, the defense of the statute [of frauds] may be raised by a general denial.” Birchell v. Neaster, 36 Ohio St., 331.
In the instant case the plaintiff’s petition is silent as to whether the agreement was recorded or even in writing.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Zimmerman, Stewart, Taet, Matthias, and Hart, JJ., concur.
Middleton, J., dissents.